**Vernell L. SEBRELL, Appellant**

v.

**The UNITED STATES POSTAL SERVICE.**

No. 08–4159.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 30, 2009.

Opinion filed May 15, 2009.

Vernell L. Sebrell, Philadelphia, PA, for Plaintiff–Appellant.

Paul W. Kaufman, Esq., Office of United States Attorney, Philadelphia, PA, for De-fendant–Appellee.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Appellant Vernell L. Sebrell appeals from a District Court order dismissing her complaint *sua sponte* for lack of subject

matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). We will grant Appellee's motion for summary action, vacate the District Court's order, and remand the matter for further proceedings. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On September 17, 2008, Sebrell initiated an action against the United States Postal Service by filing a motion to proceed *in forma pauperis* ("IFP"), accompanied by a complaint alleging interference with the delivery of her mail and damage to her property. Before the Government was required to submit a responsive pleading, the District Court entered an order granting Sebrell's IFP motion, but concluding that the District Court lacked subject matter jurisdiction over the complaint. Specifically, the District Court concluded that Sebrell was attempting to bring claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, which requires exhaustion of administrative remedies prior to filing a complaint. 28 U.S.C. § 2675(a). The District Court found that Sebrell did not adequately allege that she had exhausted her administrative remedies, and therefore dismissed the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

We exercise plenary review over the District Court's order. *See Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1280 (3d Cir.1993). On November 3, 2008, the Government filed a motion for summary action, explaining that Sebrell had exhausted her administrative remedies prior to filing her complaint, and advising that it would not have raised failure to exhaust administrative remedies as an affirmative defense if it had filed a responsive pleading. The Government requested that the matter be remanded to the District Court for further proceedings.

There appears to be no dispute that Sebrell exhausted her administrative remedies prior to filing her complaint. In-deed, as the Government notes, Sebrell at least alleged exhaustion of her property damage claim in the first paragraph of her complaint. Thus, the District Court should not have dismissed Sebrell's complaint *sua sponte* for lack of subject matter jurisdiction on the grounds that Sebrell failed to exhaust her administrative remedies. We will therefore grant the Government's unopposed motion for summary action, vacate the District Court's order, and remand the matter for further proceedings. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We express no opinion as to whether the District Court has subject matter jurisdiction, or whether dismissal for any reason may or may not ultimately be warranted.